UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
H. LEWIS COLLINS,                :
     Plaintiff,                   :
          vs.                     :   No. 3:97cv757(PCD)(WIG)
FORD MOTOR COMPANY, ET AL.,      :
     Defendants.                  :
------------------------------X
```

**<u>RECOMMENDED RULING ON PENDING MOTIONS</u>**

Following this Court's approval of a confidential settlement agreement between the parties, judgment was entered, and this case was closed on February 13, 1998. Now, over eight years later, plaintiff seeks to reopen the settlement agreement and have defendant, Ford Motor Company ("Ford"), held in contempt of court [Doc. # 72]. Additionally, plaintiff has filed a motion to notify the Court of another action, *Hershel Collins v. Sovereign Bank, et al.*, No. 3:06cv1716(JBA) [Doc. # 84],[1] which the Court has considered in conjunction with the motions to reopen and for contempt. Defendant Ford has responded to the motion to reopen and motion for contempt by filing a motion to dismiss [Doc. # 90], which this Court will treat as a response in opposition to

---

[1] Although this new action arises out of the same operative facts as the instant motions to reopen and for contempt, none of the defendants in this case were named in the new action.

1

plaintiff's motions.[2] For the reasons set forth below, the Court denies plaintiff's motions.

## Discussion

On January 7, 2005, plaintiff purchased a 2004 Ford Explorer from the Hoffman Ford dealership in East Hartford, Connecticut. He alleges that Ford Motor Company violated the terms of the 1998 Settlement Agreement[3] when he was charged more than the discounted purchase price in accordance with Ford's A-Plan, a discount pricing program offered to Ford employees and their families. (Plaintiff claims that he was eligible for this discounted price because his daughter had been employed by Ford for over thirteen years.)

The Settlement Agreement provided in relevant part:

6. The parties agree this Stipulation, Settlement Agreement and Release will neither alter nor modify any right Collins may have to use the Ford Motor Company A-Plan to purchase and lease a Ford or Lincoln-Mercury vehicle, so long as the purchase and lease does not involve financing with FMCC [Ford Motor Credit Corp.], either directly or indirectly. Ford agrees that it will cooperate with any authorized dealer with whom Mr. Collins intends to do business so that said dealer may

---

[2] Because the instant case is closed, there is no pending case to be dismissed. For that reason as well as this Court's recommended ruling on plaintiff's motion to reopen, the Court recommends denying defendant's motion to dismiss [Doc. # 90] as moot.

[3] The Settlement Agreement was entered into by and between plaintiff and defendants, Ford Motor Company, Ford Motor Credit Company, David Sheehan, Armond DeFeo, and Philip Chancellor. The present motions are addressed only to defendant Ford Motor Company.

> be assured that Mr. Collins can use his A-Plan rights
> with that dealer if that dealer had financing available
> from an entity other than through FMCC.

The Agreement further provided that if any party violates the Agreement, "he and/or it will be subject to contempt sanctions by the United States District Court for the District of Connecticut that shall enter the order in this case." (Settlement Agrmt ¶ 14). In the Order approving the Agreement, the Court ordered the Clerk to enter judgment dismissing the action with prejudice,

> provided the Court shall retain jurisdiction for the
> purposes of enforcing this Order, and provided further
> that in the event than [sic] any of the parties
> believes that the Stipulation, Settlement Agreement,
> and Release has been materially breached and files a
> motion for contempt, the motion for contempt, and the
> Stipulation, Settlement Agreement, and Release shall be
> filed to enable the court to determine the motion for
> contempt.

(Order dtd. Feb. 11, 1998.)

## I. This Court's Jurisdiction Over the Pending Motions

Before ruling on plaintiff's motions to reopen the 1998 Settlement Agreement with Ford and to hold Ford in contempt, it is first necessary to establish whether this Court has jurisdiction to rule on this matter. As the Supreme Court held in *Kokkonen v. Guardian Life Insurance Co. of America*, 511 U.S. 375, 378 (1994), enforcing a settlement agreement is more than just a continuation of the dismissed suit and therefore requires "its own basis for jurisdiction." Generally, the enforcement of a settlement agreement must be pursued in state court "unless

3

there is an independent basis for the exercise of federal jurisdiction." *Id*. at 382. Still, the Supreme Court in *Kokkonen* found that where a party's obligation to abide by the terms of a settlement agreement was made part of the order of dismissal, such as by a provision explicitly retaining jurisdiction over the settlement agreement, "a federal court retains jurisdiction to enforce the settlement agreement." *Id.* at 381. The Supreme Court noted that in such a situation, a breach of the settlement agreement would be a violation of the court's order and "ancillary jurisdiction to enforce the agreement would therefore exist." *Id.*

After plaintiff and the defendants, including Ford, had reached a settlement agreement in February of 1998 regarding their earlier dispute, this Court issued an order specifically retaining jurisdiction over the Settlement Agreement. The Court's Order to the 1998 Settlement Agreement states, "IT IS HEREBY FURTHER ORDERED that the Clerk shall enter judgment dismissing this action without prejudice . . . *provided the Court shall retain jurisdiction for the purposes of enforcing this Order . . . .*" (emphasis added).

In this case, the Court expressly retained jurisdiction for the purpose of enforcing the Settlement Agreement and, thus, under the holding of *Kokkonen*, the Court finds that it has jurisdiction to rule on plaintiff's motions to reopen and hold

4

defendant Ford in contempt.

## II. Plaintiff's Motion to Reopen Settlement

Initially, plaintiff asks this Court to reopen the 1998 Settlement Agreement apparently for the purpose of encompassing his complaints concerning his 2005 purchase of a 2004 Ford Explorer from Hoffman Ford.  The complaint that formed the basis of the 1998 Settlement Agreement named as defendants Ford Motor Company, as well as FMCC and several of its employees, and two other dealerships, and alleged that defendants had misled plaintiff into executing two lease agreements when he thought he was executing a retail purchase agreements for two vehicles. Hoffman Ford was not a party to this action or to the Settlement Agreement.

Rule 60(b), Fed. R. Civ. P., allows a court, in its discretion, to relieve a party from a final judgment, order, or proceeding for the following reasons:  (1) mistake, inadvertence, surprise, or excusable neglect;  (2) newly discovered evidence;  (3) fraud, misrepresentation, or other misconduct of an adverse party;  (4) the judgment is void;  (5) the judgment has been satisfied, released, or discharged;  or (6) any other reason justifying relief from the operation of the judgment.

This rule requires a court to draw a fine line between allowing a party to reopen a final judgment and attempting to provide justice for a wronged party.  As the Second Circuit, in

*Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir. 1986), stated, "[p]roperly applied, Rule 60(b) strikes a balance between serving the ends of justice and preserving the finality of judgments."

The only subsection of Rule 60(b) that might apply to plaintiff's motion is the subsection (6), the catch-all provision. Rule 60(b)(6) allows judicial relief from a judgment, but only upon a showing of extraordinary circumstances. *See House v. Sec'y of Health & Human Servs.*, 688 F.2d 7, 9 (2d Cir. 1982); *Nemaizer*, 793 F.2d at 61. The Supreme Court in *Federated Department Stores, Inc. v. Moitie*, 452 U.S. 394, 401 (1981), explained this high standard as follows: "'Public policy dictates that there be an end of litigation; that those who have contested an issue shall be bound by the result of the contest, and that matters once tried shall be considered forever settled as between the parties.'" (quoting *Baldwin v. Traveling Men's Ass'n*, 283 U.S. 522, 525 (1931)).

The issue in this case is whether defendant's alleged violation of the 1998 Settlement Agreement constitutes an extraordinary circumstance, allowing the court to reopen the judgment under Rule 60(b)(6). The Second Circuit in *Nemaizer* stated that subsection (6) of Rule 60(b), is "properly invoked only when there are extraordinary circumstances justifying relief, when the judgment may work an extreme and undue hardship, and when the asserted grounds for relief are not recognized in

clauses (1)-(5) of the Rule." 793 F.2d at 63 (internal citations omitted). Although some courts have interpreted the repudiation of a settlement agreement as constituting an extraordinary circumstance, *see Keeling v. Sheet Metal Workers Int'l Ass'n*, 937 F.2d 408, 410 (9th Cir. 1991); *United States v. Baus*, 834 F.2d 1114, 1124 (1st Cir. 1987), other courts have not found repudiation to be an extraordinary circumstance when the plaintiff has at his disposal the ability to file a contractual claim and seek redress for the breach. *See Sawka v. Healtheast Inc.*, 989 F.2d 138, 140 (3d Cir. 1993); *Harman v. Pauley* 678 F.2d 479, 481 (4th Cir 1982).

The Third Circuit in *Sawka*, held that, even assuming the defendant had breached the terms of the settlement agreement, that was not a sufficient reason to set aside the judgment of dismissal. 989 F.2d at 140. The Third Circuit stated that "[r]elief under Rule 60(b)(6) may only be granted under extraordinary circumstances where, without such relief, an extreme and unexpected hardship would occur." *Id.* (citing *Lasky v. Continental Products Corp.*, 804 F.2d 250, 256 (3d Cir. 1986)). In *Sawka*, the Court found that extraordinary circumstances were not present, since the plaintiff could file a separate action on the settlement agreement itself. *Id.* at 140-41.

Similarly, the Sixth Circuit in *Harman* held that Rule 60(b)(6) does not require vacating a dismissal order whenever a

settlement agreement has been breached, but only when "required in the interest of justice." 678 F.2d 479, 481 (4th Cir. 1982). In *Harman*, because the plaintiff was also bringing suit to enforce the agreement, the Court found that reopening the settlement was not required in the interests of justice, for plaintiff's interests would not be "prejudiced by the denial of his motion." *Id.*

Applying the law to the facts in this case, this Court declines to reopen the 1998 Settlement. At most, plaintiff is claiming that one of the defendants to a multi-party settlement agreement breached one of the terms of the agreement. Such a claim does not constitute an "extraordinary circumstance" warranting the reopening of the Settlement Agreement. *See Nemaizer*, 793 F.2d at 61. Although plaintiff has a right to ensure that defendants abide by the 1998 Settlement Agreement through a motion for contempt, in the interests of justice, it is more appropriate to preserve the Settlement Agreement.

According to the Second Circuit in *United States v. Cirami*, 563 F.2d 26, 32 (2d Cir. 1977), "[v]ery high among the interests in our jurisprudential system is that of finality of judgments. It has become almost a judicial commonplace to say that litigation must end somewhere, and we reiterate our firm belief that courts should not encourage the reopening of final judgments." It is this strong interest in preserving the

finality of judgments which, when weighed against the minimal hardship to plaintiff,[4] requires this Court to recommend that plaintiff's motion to reopen the 1998 Settlement Agreement be denied.

### III. Plaintiff's Motion for an Order Holding Defendant Ford in Contempt of Court

"A court has the inherent power to hold a party in civil contempt in order 'to enforce compliance with an order of the Court or to compensate for losses and damages.'" *Powell v. Ward*, 643 F.2d 924, 931 (2d Cir.) (quoting *McComb v. Jacksonville Paper Co.*, 336 U.S. 187, 191 (1949)), *cert. denied*, 454 U.S. 832 (1981). Still, a court's power to sanction is recognized as a severe remedy. *See Preemption Devices, Inc. v. Minn. Mining & Mfg. Co.*, 803 F.2d 1170, 1172 (Fed. Cir. 1986). The Second Circuit, in *New York State National Organization for Women v. Terry*, 886 F.2d 1339, 1351 (2d Cir. 1989), *cert. denied*, 495 U.S. 947 (1990), set forth a three-part test for determining when a party should be held in civil contempt. "A court's inherent power to hold a party in civil contempt should be exercised only when (1) the order the party allegedly failed to comply with is clear and unambiguous, (2) the proof of noncompliance is clear

---

[4] Indeed, it appears from the complaint in *Collins v. Sovereign Bank*, No. 3:06cv1716(JBA), of which plaintiff has asked the Court to take judicial notice, that he clearly had the ability to file a separate action addressing his complaints concerning this 2005 transaction.

and convincing, and (3) the party has not diligently attempted in a reasonable manner to comply." *Id.*

The section of the Settlement Agreement that Ford allegedly violated is clear and unambiguous. The Second Circuit in *New York State NOW* stated, "a court order is clear and unambiguous when it is 'specific and definite enough to apprise those within its scope of the conduct that is being proscribed.'" 886 F.2d at 1352 (quoting *In re Baldwin-United Corp.*, 770 F.2d 328, 339 (2d Cir. 1985)). Paragraph 6 of the Settlement Agreement contains two relevant provisions: (1) that the Settlement Agreement will not alter or modify any right plaintiff may have to use the Ford A-Plan; and (2) that Ford will cooperate with any authorized dealer with whom plaintiff does business so that the dealer may be assured that plaintiff can use his A-Plan with that dealer. The obligations imposed on the parties by paragraph 6 are both clear and unambiguous. Thus, the Court finds that the first prong of the *New York State NOW* test has been met.

The second prong is more problematic. Because of the severe nature of the sanction of contempt, the second prong requires that proof of a defendant's noncompliance be clear and convincing. *See Id.* at 1351. Neither plaintiff's allegations nor the evidence offered in support of his allegations meet this stringent standard, or any more lenient standard as well.

First, although plaintiff complains that Hoffman Ford

increased the pricing of the vehicle he purchased using his A-Plan, he does not in any way allege that defendant Ford was involved in this pricing change.  Additionally, he does not claim that defendant Ford failed to cooperate with Hoffman Ford or failed to provide assurances to Hoffman Ford that he was eligible for the A-Plan pricing, as it had agreed to do under the terms of the Settlement Agreement.  Plaintiff also complains about the financing he received from Sovereign Bank, but again there are no allegations that defendant Ford had any involvement with this financing.  As noted above, neither Sovereign nor Hoffman Ford was a party to the 1998 Settlement Agreement.

Second, although plaintiff has produced a number of documents, including credit summaries, purchase orders, and loan contracts, which shed some light on plaintiff's purchase of a Ford Explorer in January of 2005, plaintiff has failed to produce any evidence of how defendant Ford allegedly violated the terms of the Settlement Agreement.  What plaintiff does not include in his motion is a clear demonstration of how the A-Plan works, and how, during the purchase of this vehicle, it was allegedly not honored by Ford, amounting to a violation of the 1998 Settlement Agreement by Ford.

The Court of Appeals for the Federal Circuit stated in *Navaho Nation v. Peabody Coal Co.*, "a court cannot hold a party in contempt if there is a 'fair ground of doubt as to the

wrongfulness of the [party's] actions.'" 7 Fed. Appx. 951, 955 (Fed. Cir. 2001) (quoting *Preemption Devices*, 803 F.2d at 1173). Because of the scant information provided by plaintiff in support of his motion, there exists a "fair ground of doubt as to the wrongfulness of [defendant's] actions." *See Id.* Accordingly, because there is a fair ground of doubt as to whether defendant Ford engaged in any wrongful conduct, and because plaintiff has not established defendant's noncompliance by clear and convincing evidence, plaintiff's motion for contempt must be denied.

## **Conclusion**

For the reasons stated above, this Court recommends that plaintiff's motions to reopen the 1998 Settlement Agreement and to hold defendant in contempt [Doc. # 72] be denied. Plaintiff has failed to show that defendant's alleged violation of the Settlement Agreement is an extraordinary circumstance warranting reopening the settlement under Rule 60(b)(6). *See Nemaizer*, 793 F.2d at 63. Similarly, plaintiff has not proven by clear and convincing evidence defendant's noncompliance with the Settlement Agreement, and as a result plaintiff did not carry his heavy burden under the *New York State NOW* three-part test for establishing civil contempt.

Furthermore, this Court grants plaintiff's motion to notify the Court of another action [Doc. # 84] to the extent that the Court has taken judicial notice of the other pending action; but

to the extent that this motion was offered in support of the motions to reopen and for contempt, the Court finds it unhelpful to the plaintiff.

Finally, because the instant case is closed, leaving no pending case to be dismissed, and in light of the Court's ruling on plaintiff's motion to reopen, the Court denies defendant's motion to dismiss [Doc. # 90] as moot.

Any party may seek the District Court's review of this recommendation. *See* 28 U.S.C. § 636(b). Written objections must be filed within ten days after service of this recommended ruling. *See* Fed. R. Civ. P. 6(a), 6(e) & 72; D. Conn. L. R. 72.2(a) for Mag. Judges. Failure to object within ten days may preclude appellate review. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; *FDIC v. Hillcrest Assocs.*, 66 F.3d 566, 569 (2d Cir. 1995); *Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir. 1992).

SO ORDERED, this ___1st___ day of March, 2007, at Bridgeport, Connecticut.

                    ___/s/ *William I. Garfinkel*___
                    WILLIAM I. GARFINKEL
                    United States Magistrate Judge