UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| HERSCHEL LEWIS COLLINS,<br>    Plaintiff, | :<br>:<br>: |
| vs. | :   Civil No. 3:97cv757 (PCD) |
| FORD MOTOR COMPANY, ET AL.,<br>    Defendant. | :<br>:<br>: |

## RULING ON PENDING MOTIONS

Magistrate Judge Garfinkel approved the parties' confidential settlement agreement on February 11, 1998 and judgment was entered and the case was closed on February 13, 1998. Eight and a half years later, on August 21, 2006, Plaintiff moved to reopen the settlement agreement and have Defendant, Ford Motor Company ("Ford"), held in contempt of court [Doc. No. 72]. Plaintiff has also filed a motion to notify the court of another pending action, Herschel Collins v. Sovereign Bank, et al., No. 3:06cv1716 (JBA) [Doc. No. 84]. In response to Plaintiff's Motion to Reopen and Motion for Contempt, Defendant filed a Motion to Dismiss [Doc. No. 90], which will be treated as an opposition to Plaintiff's motion. On March 1, 2007, Magistrate Judge William I. Garfinkel issued a Recommended Ruling denying Plaintiff's motions [Doc. No. 94]. On March 5, 2007, Plaintiff filed a Motion Reminding the Court of Settlement Contract Stipulation [Doc. No. 97], which this Court will consider and construe as an Objection to the Recommended Ruling.[1] This Court has reviewed *de novo* Plaintiff's objections and for the

---

[1] Magistrate Judge Garfinkel denied the Plaintiff's Motion Reminding the Court of Settlement Contract Stipulation [Doc. No. 97] on March 7, 2007, and therefore it is no longer pending. In deference to Plaintiff's *pro se* status, however, the Court will treat the arguments set forth therein as an Opposition to the Recommended Ruling, as no other opposition was filed within the ten-day period following service of the Recommended Ruling. See 28 U.S.C. § 636(b) (written objection to recommended ruling must be filed within ten days after service of same); Fed. R. Civ. P. 6(a), 6(e) & 72; D. Conn. L. R. 72.2(a) for Mag. Judges.

reasons that follow, the Recommended Ruling is **approved and adopted**.

I.      BACKGROUND

On January 7, 2005, Plaintiff purchased a 2004 Ford Explorer from the Hoffman Ford dealership in East Hartford, Connecticut. Plaintiff alleges that Defendant Ford violated the terms of the 1998 Settlement Agreement when he was charged more than the discounted purchase price in accordance with Ford's A-Plan, a discount pricing program offered to Ford employees and their families.[2] Plaintiff claims that he was eligible for the discounted price because his daughter was employed by Ford for over thirteen years.

The Settlement Agreement provides in pertinent part:

> The parties agree that this Stipulation, Settlement Agreement and Release will neither alter nor modify any right [Plaintiff] may have to use the Ford Motor Company A-Plan to purchase and lease a Ford or Lincoln-Mercury vehicle, so long as the purchase and lease does not involve financing with [Ford Motor Credit Company ("FMCC")] either directly or indirectly. Ford agrees that it will cooperate with any authorized dealer with whom [Plaintiff] intends to do business so that said dealer may be assured that Plaintiff can use his A-Plan rights with that dealer if that dealer had financing available from an entity other than through FMCC.

(Settlement Agreement ¶ 6.) The parties agreed to dismiss the action with prejudice, but provided in the Agreement that:

> The parties agree that in the event any of the parties believes that this Stipulation, Settlement Agreement and Release has been materially breached and filed a motion for contempt, the motion for contempt, and this Stipulation, Settlement Agreement, and Release shall enable the Court to determine the motion for contempt.

(Id. ¶ 3.) The Agreement further provides that:

> If any party violates this Stipulation, Settlement Agreement and Release, he and/or

---

[2]     The Settlement Agreement was entered into by and between Plaintiff and Defendants, Ford Motor Company, Ford Motor Credit Company, David Sheehan, Armond DeFeo and Phillip Chancellor. The instant motions are directed only to Ford Motor Company.

2

> it will be subject to contempt sanctions by the United States District Court for the District of Connecticut that shall enter the order in this case.

(Id. ¶ 14.) In the Order approving the Agreement, Magistrate Judge Garfinkel ordered the Clerk to enter judgment dismissing the action with prejudice, and provided that:

> the Court shall retain jurisdiction for the purposes of enforcing this Order, and provided further that in the event than [sic] any of the parties believes that the Stipulation, Settlement Agreement, and Release has been materially breached and filed a motion for contempt, the motion for contempt, and the Stipulation, Settlement Agreement, and Release shall be filed to enable the court to determine the motion for contempt.

(Feb. 11, 1998 Order, Doc. No. 64.)

## II.  STANDARD OF REVIEW

In the face of an objection to a Magistrate Judge's recommended ruling, the District Court makes a de novo determination with regard to those portions of the recommended ruling to which an objection is made. Smith v. Barnhart, 406 F. Supp. 2d 209, 212 (D. Conn. 2005). This Court may accept, reject, or modify the recommended ruling, receive further evidence, or recommit the matter to the Magistrate Judge with instructions. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

## III.  DISCUSSION

### A.  Subject Matter Jurisdiction

In Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994), the Supreme Court recognized that the enforcement of a settlement agreement "is more than just a continuation or renewal of the dismissed suit, and hence requires its own basis for jurisdiction." Id. at 378. Although the enforcement of a settlement agreement generally must be pursued in state court, a federal court will have ancillary jurisdiction to do so "if the parties'

3

obligation to comply with the terms of the settlement agreement had been made part of the order of dismissal—either by separate provision (such as a provision 'retaining jurisdiction' over the settlement agreement) or by incorporating the terms of the settlement agreement in the order." Id. at 381. Ancillary jurisdiction will exist in such a situation because a breach of the settlement agreement would be a violation of the Court's order. Id.; see also Roberson v. Giuliani, 346 F.3d 75, 83 (2d Cir. 2003) (when a district court retains jurisdiction over the enforcement of a settlement agreement, "the [settlement agreement] is enforceable in federal court because a violation of the [settlement agreement] is a violation of the court's dismissal order").

In this case, Magistrate Judge Garfinkel expressly retained jurisdiction over the Settlement Agreement when he closed the case. The Court's Order approving and adopting the 1998 Settlement Agreement specifically provides that "IT IS HEREBY FURTHER ORDERED that the Clerk shall enter judgment dismissing this action without prejudice . . . provided the Court shall retain jurisdiction for the purposes of enforcing this Order." (Feb. 11, 1998 Order, Doc. No. 64.) Therefore, because jurisdiction was explicitly retained, this Court has ancillary jurisdiction to enforce the parties' 1998 Settlement Agreement.

### B. Motion for Contempt and to Reopen

Plaintiff moves to reopen the Settlement Agreement based on the allegation that he was harmed when an employee of Hoffman Ford failed to apply the A-Plan price to Plaintiff's 2005 purchase of a 2004 Ford Explorer. The complaint that resulted in the 1998 Settlement Agreement named Ford Motor Company, FMCC and several of its employees, and two other dealerships as defendants, alleging that they had misled Plaintiff into executing two lease

4

agreements when he thought he was executing a retail purchase agreement for two vehicles.[3] Plaintiff's Motion for Contempt and to Reopen alleges that Defendant Ford breached one of the terms of the parties' 1998 Settlement Agreement.

Defendant argues only that Plaintiff has failed to set forth a sufficient basis to reopen the action pursuant to Rule 60(b). This analysis fails to recognize the distinction made in Kokkonen between "enforcement of the settlement agreement" and "reopening [] the dismissed suit by reason of breach of the agreement that was the basis for dismissal." 511 U.S. at 378. A district court can enforce a settlement agreement, even after the case has closed, where, as here, it retained jurisdiction over the settlement agreement or where it incorporated the terms of the settlement agreement in the order of dismissal. Id. at 381. Where this is not the case, Kokkonen left open the possibility of reopening the dismissed suit by reason of breach of the agreement pursuant to Federal Rule of Civil Procedure 60(b)(6).[4] Id. at 378. Because this Court retained jurisdiction over the settlement agreement in the order of dismissal, there is no need to examine whether Plaintiff has set forth sufficient grounds for reopening the suit pursuant to Rule 60(b)(6).[5] See Duane Reade, Inc. v. St. Paul Fire & Marine Ins. Co., 466 F. Supp. 2d 560, 562

---

[3] Hoffman Ford was not a party to this action or to the Settlement Agreement.

[4] Rule 60(b)(6) provides in relevant part: "On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: . . . (6) any other reason justifying relief from the operation of the judgment."

[5] Defendant is correct in arguing that there is not a sufficient basis to reopen the suit pursuant to Rule 60(b)(6). The Third Circuit, in Sawka v. Healtheast, Inc., 989 F.2d 138 (3d Cir. 1993), held that the breach of a settlement agreement is "no reason to set the judgment of dismissal aside." Id. at 140. In reaching this conclusion, the Sawka court noted that "[r]elief under Rule 60(b)(6) may only be granted under extraordinary circumstances, where, without such relief, an extreme and unexpected hardship would occur," and found that "[t]hose circumstances are simply not present here, since [plaintiff] may file a separate action on the settlement agreement itself." Id. at 140-41; see also Diaz v. Loews N.Y. Hotel, No. 97 CIV. 2731 (SAS), 1998 U.S. Dist. LEXIS 9052, at *4-5 (S.D.N.Y. June 18, 1998) ("An alleged breach of a settlement agreement is insufficient to

(S.D.N.Y. 2006) (considering whether there was a basis for reopening the suit pursuant to Rule 60(b) only after finding that the court had not retained jurisdiction over the settlement agreement); Price v. Code-Alarm, Inc., No. 91 C 0699, 2002 U.S. Dist. LEXIS 14874 (N.D. Ill. Aug. 13, 2002) (enforcing the settlement agreement because the court had retained jurisdiction, without referring to Rule 60(b)); Bodden v. Dawn Servs., Inc., No. 97-692, 1999 U.S. Dist. LEXIS 7390 (D. La. May 12, 1999) (construing Rule 60(b)(6) as an exception to the limited bases for ancillary jurisdiction noted in Kokkonen); Trade Arbed v. African Express MV, 941 F. Supp. 68, 70 (E.D. La. 1996) (noting that Rule 60(b)(6) can be used to reopen dismissed suits by reason of breach of settlement agreements if the district court did not retain jurisdiction to enforce the settlement agreement).

Because this Court retained jurisdiction over the Settlement Agreement, it now turns to Plaintiff's request to enforce that agreement by holding Defendant Ford in contempt of court. Plaintiff does not indicate whether he is seeking a citation for civil or criminal contempt, nor does he seek a specific sanction. Defendant Ford focused solely on the Rule 60(b)(6) issue and did not brief the issue of contempt.

Civil and criminal contempt are distinguished by their underlying purpose; a civil sanction is one "imposed to compel obedience to a lawful court order or to provide compensation to a complaining party" and a criminal sanction is one "imposed to punish for an offense against the public and to vindicate the authority of the court, that is, not to provide private benefits or

---

warrant relief under Rule 60(b)(6)."). This Court is in agreement. There are not "extraordinary circumstances" here sufficient to set the judgment aside pursuant to Rule 60(b)(6). Plaintiff moves, more than eight and one-half years after the entry of the settlement agreement, to reopen the action based only on the allegation that one defendant breached one term of the settlement agreement. Moreover, like in Sawka, Plaintiff can—and already has—filed a separate action on the settlement agreement itself. See Collins v. Sovereign Bank, et al., 3:06cv1716 (JBA).

relief." New York State Nat'l Org. for Women v. Terry, 886 F.2d 1339, 1351 (2d Cir. 1989), cert. denied, 495 U.S. 947, 110 S. Ct. 2206, 109 L. Ed. 2d 532 (1990) (citations omitted). Because Plaintiff appears to be seeking to compel Defendant Ford to comply with a court order and/or to compensate him, the Court will assume that he is seeking civil sanctions.

"A court has the inherent power to hold a party in civil contempt in order 'to enforce compliance with an order of the court or to compensate for losses or damages.'" Powell v. Ward, 643 F.2d 924, 931 (2d Cir.) (quoting McComb v. Jacksonville Paper Co., 336 U.S. 187, 191, 69 S. Ct. 497, 499, 93 L. Ed. 599 (1949)), cert. denied, 454 U.S. 832, 102 S. Ct. 131, 70 L. Ed. 2d 111 (1981).[6] A court may exercise its inherent power to hold a party in civil contempt only when: "(1) the order the party allegedly failed to comply with is clear and unambiguous, (2) the proof of noncompliance is clear and convincing, and (3) the party has not diligently attempted in a reasonable manner to comply." Terry, 886 F.2d at 1351.

An order is clear and unambiguous when it is "specific and definite enough to apprise those within its scope of the conduct that is being proscribed." Id. at 1352. Paragraph 6 of the Settlement Agreement at issue here provides that: (1) the Settlement Agreement will not alter or modify any right Plaintiff may have to use the Ford A-Plan to purchase and lease a Ford or Lincoln-Mercury vehicle so long as the purchase and lease does not involve financing with FMCC and (2) Ford will cooperate with any authorized dealer with whom Plaintiff does business so that the dealer may be assured that Plaintiff can use his A-Plan rights with that dealer if the

---

[6] Because the Court retained jurisdiction over the settlement agreement, thus making the terms of the settlement agreement part of the order of dismissal, a breach of the settlement agreement is a violation of a court order. Kokkonen, 511 U.S. at 381.

7

dealer has financing available from an entity other than through FMCC.[7] (See Settlement Agreement ¶ 6.) The obligations imposed on the parties by paragraph 6 are clear and unambiguous and therefore, the Court finds that the first prong of the Terry test has been met.

The second prong of the test is more problematic, as Plaintiff has failed to set forth by a preponderance of the evidence, let alone by "clear and convincing" evidence, proof of Ford's noncompliance. Plaintiff's motion alleges that Hoffman Ford—not a party to the original Settlement Agreement—increased the pricing of the vehicle he purchased using his A-Plan, however, he does not allege that Defendant Ford was involved in any way in this pricing change. Plaintiff's other allegations involve Sovereign Bank, who is also not a party to the Settlement Agreement, and again, Plaintiff does not allege that Defendant Ford had any involvement with the financing of the 2004 Ford Explorer.

Plaintiff produced a number of documents in support of his claims, but none of these documents indicate whether and how Defendant Ford violated the terms of its Settlement Agreement with Plaintiff. Namely, Plaintiff does not include a description of how the A-Plan works and how, according to his allegations, it was not honored by Ford, thereby violating the Settlement Agreement.

Where, as here, "there is a fair ground of doubt as to the wrongfulness of the party's actions," it is not proper for a court to hold that party in contempt. Navajo Nation v. Peabody Coal Co., 7 Fed. Appx. 951, 955 (Fed. Cir. 2001) (citation omitted). Due to the lack of evidence linking Defendant Ford to the acts alleged in Plaintiff's motion, this Court agrees with and adopts

---

[7] Plaintiff obtained financing for his 2005 purchase of a 2004 Ford Explorer through Sovereign Bank.

Magistrate Garfinkel's holding that there is a fair ground of doubt as to whether Defendant Ford breached the Settlement Agreement and therefore, contempt is improper. Because Plaintiff has failed to establish proof of Defendant Ford's noncompliance by clear and convincing evidence, his Motion for Contempt must be denied.[8]

## IV. CONCLUSION

For the reasons set forth above, the Recommended Ruling [Doc. No. 94] is **approved and adopted**. Accordingly, Plaintiff's Motion to Reopen and Motion for Contempt [Doc. No. 72] is **denied** and Defendant's Motion to Dismiss [Doc. No. 90] is **granted**.

SO ORDERED.

Dated at New Haven, Connecticut, March  22 , 2007.

/s/
Peter C. Dorsey, U.S. District Judge
United States District Court

---

[8] Even if Plaintiff had proved Ford's noncompliance by clear and convincing evidence, he has still failed to establish the third prong of the analysis, namely that Ford "has not diligently attempted in a reasonable manner to comply" with the Settlement Agreement. Terry, 886 F.2d at 1351.

9